IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JENNIFER GRISSOM,
　　　　Plaintiff,

　　　　　v.　　　　　　　　　　　　　　Civil No. 3:19cv958 (DJN)

COMMONWEALTH OF VIRGINIA, *et al.*,
　　　　Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on its own initiative. Plaintiff Jennifer Grissom ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. (ECF No. 1.) To state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, 2013 WL 526887, at *2–

---

[1] That statute provides, in pertinent part:

　　　　Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983).  Moreover, Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Accordingly, by Memorandum Order entered on July 9, 2020, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof.  (ECF No. 13.)  The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the July 9, 2020 Memorandum Order.  Plaintiff failed to submit a particularized complaint or otherwise respond to the July 9, 2020 Memorandum Order.  Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

_____ /s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 26, 2020

2